UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------

ROOSEVELT HENDERSON,

                Petitioner,

    - vs -                                   9:05-CV-1018

JOHN BURGE,

                Respondent.

--------------------------------------------------------------

APPEARANCES:                                OF COUNSEL:

ROOSEVELT HENDERSON
01-A-5121
Petitioner, *pro se*

HON. ELIOT SPITZER                    LISA FLEISCHMANN, ESQ.
Office of the Attorney General
120 Broadway
New York, NY 10271

DAVID N. HURD
United States District Judge

## **DECISION AND ORDER**

The Clerk has sent to the Court a Motion to File a Late Petition filed by Roosevelt Henderson ("petitioner" or "Henderson"). Docket No. 8. Respondent has filed an Affirmation and Memorandum of Law[1] in opposition to the Motion. Docket Nos. 13-14.

## A. **BACKGROUND**

Petitioner filed this action on August 11, 2005. By Order dated August 24, 2005 this Court noted that:

---

[1] Counsel is reminded of her obligation to comply with Local Rule 7.1(a)(1) that requires that "Memoranda of law that contain citations to decisions exclusively reported on computerized data bases . . . shall be accompanied by copies of the decisions."

A review of the Petition reveals that Henderson's last state court appeal was denied as of July 22, 2003. Thus, Petitioner's conviction became final on or about October 20, 2003, and the one year statute of limitations for this action expired on October 20, 2004. The Petition herein was signed by Henderson on August 3, 2005 and filed with the Court on August 11, 2005. Docket No. 4.

The Court also noted that petitioner filed a request seeking leave to file a late Petition. Docket No. 3. That request stated:

Petitioner was unable to file a Federal Habeas Corpus in a Timely fashion pursuant to [ADEDPA] Statute of Limitation of one (1) year because he has be Hospitalized due to his Medical Condition known as Cronic (*sic*) Sickle Cell Anemia."

The August 2005 Order discussed the controlling law with respect to tolling of the statute of limitations for health reasons,[2] and held that:

In the event Petitioner believes he can meet his burden of proof with respect to the tolling of this action due to health reasons, he will be permitted **thirty (30) days** to file a supplemental Motion for leave to file a late Petition. That Motion must be accompanied by medical proof of his

---

[2] The Second Circuit has held that the AEDPA's limitation period can be equitably tolled in extraordinary situations. *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 1996).

Equitable tolling applies only in the 'rare and exceptional circumstance[ ].' In order to equitably toll the one year period of limitations, [petitioner] must show that extraordinary circumstances prevented him from filing his petition on time.

*Id*. at 17. Thus, equitable tolling is applied infrequently and must be reserved for extreme and usual circumstances. Further, Petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing . . . Petitioner has the burden to also establish that he acted with reasonable diligence during the period he seeks to toll." *Garcia v. Portuondo*, 334 F. Supp.2d 446, 459 (S.D.N.Y. 2004) *citing Smith v. McGinnis*, supra. at 17.

With respect to the tolling of an action due to health matters, "the petitioner must show that his medical problems rendered him unable to pursue his legal rights during the relevant time period." *Mendez v. Artuz*, 2000 WL 991336, *2 (S.D.N.Y. 2000). Because the tolling requirements are strictly construed, "petitioner's allegations of illness must be supported by evidence and not based merely on the petitioner's own conclusions." *Barbosa v. United States,* 2002 WL 869553 (S.D.N.Y. 2002), *citing Mendez*, supra. at *6. Conclusory statements by plaintiff as to his health impediments are insufficient. *Mendez*, supra. at *2. Rather, Petitioner must "prove that he was unable to pursue his legal rights during the entire period that the sought to have tolled" due to his medical condition. *Rhodes v. Senkowski,* 82 F. Supp. 2d 160, 169-70 (S.D.N.Y. 2000). Docket No. 4.

2

   inability to pursue his legal rights throughout the <u>entire</u> period Petitioner
   seeks to have tolled. Docket No. 4.

## B. **PETITIONER'S MOTION**

  Petitioner filed his Motion for Leave to File a Late Petition on September 28, 2005. Docket No. 8. Petitioner's Affidavit in support of his motion states that he was unable to file a timely habeas Petition because he was hospitalized. Docket No.8, Henderson Affidavit. In support of the motion, petitioner provided the Court with discharge summaries for a series of hospitalizations between February 4, 2003 and August 20, 2005. Petitioner's first hospitalization following the Court of Appeals July 22, 2003 denial of leave to appeal occurred on October 15, 2003.[3] *Id.* Thereafter, between October 20, 2003, when the conviction became final, and October 20, 2004 when the one year statute of limitations expired, petitioner was hospitalized on twelve occasions.[4] During the time period following the expiration of the statute of limitations until petitioner's filing date of August 11, 2005, petitioner was hospitalized on nine occasions.[5]

  Respondent argues that petitioner has failed to meet his burden in demonstrating that the statute of limitations for filing this habeas proceeding should be tolled.

---

  [3] This is a span of eighty- five (85) days between the Court of Appeals ruling and petitioner's first hospitalization in the relevant time period.

  [4] The periods of hospitalization during this time period were October 15, 2003 - November 26, 2003, December 29, 2003 - January 16, 2004, January 31, 2004 - February 16, 2004, March 18, 2004 - April 1, 2004, April 9, 2004 - April 15, 2004, April 18, 2004 - April 22, 2004, April 26, 2004 - May 5, 2004, May 6, 2004 - May 12, 2004, June 4, 2004 - June 14, 2004, July 23, 2004 - August 2, 2004, September 19, 2004 - September 23, 2004, September 30, 2004 - October 11, 2004. Petitioner's next hospitalization did not occur until October 26, 2004.

  [5] Those hospitalizations were on October 26, 2001 - November 1, 2004, November 2, 2004 - November 13, 2004, November 15, 2004 - November 30, 2004, December 16, 2004, March 20, 2005 - April 1, 2005, April 26, 2005 - May 10, 2005, May 11, 2005 - May 17, 2005, June 18, 2005 - June 22, 2005, July 22, 2005 - July 28, 2005. Petitioner's next hospitalization occurred on August 14, 2005.

Respondent points out that petitioner has provided no evidence that he was unable to prepare and file his Petition between hospitalizations during the period of time between October 20, 2003 and October 20, 2004. Respondent notes that during this time period "petitioner was not in the hospital for at least 4 one-month-long periods, and at least three one-to-two-week-long periods." Docket No. 13, ¶ 8. Respondent further argues that in the time period from October 20, 2004 to August 3, 2004, petitioner had a three month-long gap between hospitalizations, and at least one two month long gap. *Id.* at ¶ 11.

Accordingly, respondent argues that petitioner has not offered sufficient evidence that he was unable to timely file the Petition, and has also failed to offer the Court any evidence that he acted with reasonable diligence to attempt to file the Petition during the time period he now seeks to toll.[6]

As the Court observed in its August 2005 Order, petitioner must prove to the Court that he was unable to file his Petition during the ***entire time*** he seeks to have tolled. While petitioner has certainly been hospitalized a significant number of times during the relevant time period, there are also significant time periods where petitioner was not hospitalized. Petitioner has offered no evidence that he was unable to prepare his Petition during those periods of time when he was not hospitalized, or that he otherwise

---

[6] Respondent also addressed arguments as to the legal merits of the Petition which are premature on such a motion.

4

acted with reasonable diligence during these time periods.[7]  Accordingly, petitioner's Motion to File a Late Petition must be denied, and the Petition will be dismissed.

    THEREFORE, it is hereby

    ORDERED, that this action is DISMISSED for the reasons set forth above, and it is further

    ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

    IT IS SO ORDERED.

_____
United States District Judge

Dated: June 29, 2006
       Utica, New York.

---

[7] The Court is aware that petitioner filed a Notice of Motion, seeking permission to file a late Writ of Habeas Corpus, on July 5, 2005 that was rejected by the Clerk on July 8, 2005, because petitioner did not have a case pending in this Court. Docket No. 8, ¶¶ 5-6. However, that fact does not alter this Court's conclusion with respect to this motion.

    It is also noted that 653 days elapsed from the date petitioner's conviction became final, October 20, 2003, and the date the petition was signed, August 3, 2005. He was hospitalized 240 days during that period. He was not hospitalized for 413 days during that period. The one year period of 365 actual non hospital days from October 20, 2003 ended on June 17, 2005. Therefore, even if the statute of limitations was considered to be one year, or 365 of non hospital days, petitioner's filing would still be 47 days late. In other words, petitioner had over a year of non hospital days before he either filed his petition or sought permission to file a late Writ.

5